**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENDRA JONES<br><br>Plaintiff,<br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:25-cv-00632-SEP |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Experian Inc.'s Motion for Judgment on the Pleadings. Doc. [27]. For the reasons set forth below, the motion is granted.

**FACTS AND BACKGROUND**

Plaintiff Kendra Jones filed this action on May 5, 2025, alleging that Defendant Experian Information Solutions, Inc., a consumer reporting agency, violated the Fair Credit Reporting Act (FCRA) by reporting information about Plaintiff's debt without properly investigating a dispute about the underlying debt. Doc. [1]. Plaintiff opened an account in her name with Bluegreen Vacations Corp. ("Bluegreen") and incurred debt on the account. Doc. [1-2] at 1. In Plaintiff's credit reports, Defendant included information about Plaintiff's debt. Doc. [1] ¶ 6. Plaintiff contests Defendant's inclusion of her Bluegreen Account in the credit report, alleging that she was induced to enter into the contract with Bluegreen through fraud and misrepresentation. *Id.* ¶ 3. Due to the alleged invalidity of her contract with Bluegreen, Plaintiff repeatedly submitted formal disputes challenging Defendant's inclusion of Plaintiff's Bluegreen Account in her credit report. *Id.* ¶¶ 3-6. Defendant continued to include Plaintiff's Bluegreen Account, stating that it had verified the factual accuracy of the information contained in its reports. *Id.* ¶ 5. On May 4, 2025, Plaintiff filed a complaint for damages and injunctive relief under the Fair Credit Reporting Act §1681e(b) for failure to ensure accuracy and § 1681i for failure to reinvestigate. Doc. [1]. On January 19, 2026, Defendant moved for judgment on the pleadings. Doc [27].

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, "a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on

the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citing *Lion Oil Co., Inc. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996)). A motion under Rule 12(c) is governed by the same standards as a motion under Rule 12(b)(6). *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010). When a party moves for judgment on the pleadings, the Court accepts as true "all well-pleaded material allegations of the pleadings of the opposing party[.]" *Nationwide Mut. Ins. Co. v. Harris Med. Assocs., LLC*, 973 F. Supp. 2d 1045, 1051 (E.D. Mo. 2013) (citation and quotation omitted).

## Discussion

Under the FCRA, when preparing a credit report on a consumer, a credit reporting agency (CRA) is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). If a consumer notifies a CRA that he disputes the accuracy or completeness of any item contained in his consumer report, that CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate[.]" 15 U.S.C. § 1681i(a)(1)(A); *Barsky v. Experian Info. Sols., Inc*, 2016 WL 4538526 at *2 (E.D. Mo. Aug. 30, 2016). Plaintiffs have a private right of action against CRAs for negligent or willful violation of the duties imposed by the FCRA. 15 U.S.C. §§ 1681n, 1681o; *Murphy v. Midland Credit Mgmt., Inc.*, 456 F. Supp. 2d 1082, 1088 (E.D. Mo. 2006).

"Accuracy" under the FCRA refers to *factual* accuracy. To successfully plead a claim under the FCRA, a plaintiff must allege that "a particular credit report contains a *factual* deficiency or error that could have been remedied by uncovering additional facts that provide a more accurate representation about a particular entry." *Downs v. TransUnion LLC*, 2025 WL 561255 at *2 (E.D. Mo. Feb. 20, 2025) (quoting *Murphy*, 456 F. Supp. 2d at 1089) (emphasis in original). "Accurate reporting is a complete defense to both a 1681e(b) claim and a 1681i claim." *Barsky*, 2016 WL 4538526 at *2 (quoting *Fahey v. Experian Info. Sols., Inc.*, 571 F. Supp. 2d 1082, 1087 (E.D. Mo. 2008)). When a plaintiff fails to satisfy the initial burden of showing inaccurate information, "the consumer, as a matter of law, has not established a violation of [§ 1681e(b)], and a court need not inquire further as to the reasonableness of the procedures adopted by the credit reporting agency." *Murphy*, 456 F. Supp. 2d at 1088–89 (E.D.

Mo. 2006) (quoting *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)).

Assuming all of Plaintiff's allegations to be true, Defendant is entitled to judgment as a matter of law on her claims under § 1681e(b) and § 1681i because Plaintiff does not contest the *factual* accuracy of the information Defendant reported. *See Barsky*, 2016 WL 4538526 at *2; *Downs*, 2025 WL 561255 at *2. She alleges that Defendant's reporting of the Bluegreen Account is "inaccurate" and "false," *see* Doc. [1] ¶¶ 6, 9, because she believes her contract with Bluegreen is invalid. Doc. [1-4] at 1. But nowhere does she allege that Defendant's reporting contains factual errors. Plaintiff never alleges that she did not open the Bluegreen Account, or that she made her payments on time. Instead, Plaintiff's dispute with Defendant turns on the legal question of whether her underlying debt is valid. Doc. [1] ¶ 3. In a message to Defendant's Dispute Resolution department, Plaintiff says the "reason for the dispute" is that the "[Bluegreen Vacations Corporation] account was opened under false pretenses due to misrepresentation during the sales process, constituting fraudulent inducement" and therefore her contract with Bluegreen is not valid. Doc. [1-4] at 1.[1] Plaintiff contests Defendant's alleged failure to investigate the validity of her account with Bluegreen, not the factual accuracy of Defendant's report. *See* Doc. [29] at 3. Whether Plaintiff's underlying contract with Bluegreen was valid and enforceable is a question of law that can only be resolved in court. *See Barsky*, 2016 WL 4538526 at *2 ("CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA."). Because Plaintiff has not alleged any inaccuracy of the relevant kind in Defendant's reports, Defendant is entitled to judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Experian's Motion for Judgment on the Pleadings, Doc. [1], is **GRANTED**.

Dated this 30th day of September 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

[1] In her opposition, Plaintiff clarifies that her allegations also concern Experian's handling of the dispute in addition to the validity of her contract with Bluegreen. *See* Doc. [29] at 3. But since she does not contest the factual accuracy of Experian's report, she still fails to state a claim under FCRA §§ 1681i(a) and 1681e(b).